## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARC PENN<br>15 Holcomb Lane<br>New Castle, DE 19720 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| EXXONMOBILE RESEARCH AND<br>ENGINEERING COMPANY, d/b/a<br>EXXONMOBILE GLOBAL SERVICES<br>COMPANY<br>600 Billingsport Road<br>Paulsboro, NJ 08066<br>and<br>EXXON MOBILE CORPORATION<br>600 Billingsport Road<br>Paulsboro, NJ 08066 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Marc Penn (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Exxon Mobile Corporation and Exxonmobile Research and Engineering Company (*hereinafter* referred to collectively as "Defendants," unless indicated otherwise) for violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e *et. seq.*), and the New Jersey Law Against Discrimination ("NJ LAD"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.     This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the District of New Jersey.

## PARTIES

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult residing at the above-captioned address.

7.     Exxon Mobil Corporation is an American multinational oil and gas corporation headquartered in Irving, Texas (operating in many states, including within New Jersey). Exxon Mobile Corporation and Exxonmobile Research and Engineering Company operates a branch, division and/or arm of the overall business of Exxon Mobile Corporation.

2

8.    Both businesses as set forth above are collectively referred to herein as "Defendants," and they are sufficiently integrated and overlapping in their operations, resources, management, advertising, and business operations that they are properly considered single, joint and/or integrated employers of Plaintiff.

9.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Plaintiff is a black (African-American) male.

12.    Plaintiff was hired by Defendants in or about early April of 2006.  At all relevant times to the allegations in this Complaint, Plaintiff has worked solely within Defendants' location within Paulsboro, New Jersey.

13.    Plaintiff has and remains employed (through the present) as an Instrument Technician.

14.    In or about August of August of 2012, Plaintiff had previously expressed concerns of discrimination internally and externally (including through the Equal Employment Opportunity Commission – "EEOC").

15.    In or about December of 2012, Plaintiff was returned to the "GREF group" expecting a full and final resolution to any prior concerns.  Plaintiff did not initiate a lawsuit based upon his 2012 EEOC Charge.

16.     Following his return to the GREF Group, Plaintiff was subjected to a very hostile work environment, multiple discriminatory and retaliatory actions, and tremendous antagonism on account of his race and complaints of discriminatory treatment.   Through 2014 (by way of examples):

        a)  Plaintiff was at times denied access into the workplace (through lack of card access), primarily in 2014;

        b)  Plaintiff was arbitrarily removed from multiple committees, including the Safety Committee and United Way Committee;

        c)  Plaintiff was not scheduled as requested or given the same scheduling accommodations as similarly situated coworkers (even at times being denied the ability to leave work for a scheduled appointment);

        d)  Plaintiff was not given previously assured training despite multiple requests;

        e)  Plaintiff's e-mail and correspondence regarding workplace matters was continually ignored; and

        f)  Plaintiff was spoken to in a condescending and inappropriate manner when he was addressed in the workplace.

17.     Plaintiff was primarily supervised Mike Carrocino (a Facility Manager) and Ben McLaughlin (Building Services Supervisor).  They are Caucasian.

18.     The above types of retaliatory and discriminatory treatment through 2014 are only intended to be examples, not an exhaustive list. In fact, Plaintiff was subjected to further derogatory treatment that was far more egregious, including:

a) Without adequate factual or legal basis, Defendants mandated Plaintiff undergo a fitness for duty evaluation as a condition of continued employment wherein he was removed from work on or about May 17, 2014;

b) Plaintiff underwent an evaluation with a psychologist after being out of work for a period of time, and the psychologist selected by Defendants, so no medical or other reason for Plaintiff to be placed out of work (as evidenced by his report); and

c) Notwithstanding said psychologist finding no rationale basis for Plaintiff's referral or continued need to remain out of work, Plaintiff was nonetheless out of work until in or about mid-August 2014 (a period of roughly 3 months).

19.    In the second half of June 2018, Plaintiff was threatened in writing by Defendants' management with being considered to resign for expressing that he did not want Defendants to seek more detailed medical information after Defendants' own referral psychologist had already issued a detailed report outlining that Plaintiff posed no threat and should not be kept of our work for any such reason(s).

20.    Promptly upon returning to work from his forced leave after having raised numerous concerns of his ongoing mistreatment, Plaintiff was issued a 5-day suspension in August of 2014 (to which he expressed concerns about being held responsible for something that took place while on leave and also which was not enforced against others).

21.    In addition to the foregoing and a continued barrage of disparaging treatment towards him, Plaintiff was at times requested or required to give daily and weekly updates about certain aspects of his job that were not sought from others.  And throughout the aforesaid hostile work environment, Plaintiff estimates being denied well over $50,000.00 in harm from not being given fair, equal or actual overtime hours to work as assigned to others.

22.     The types of treatment Plaintiff experienced set forth herein continued through 2015 and until his supervision changed.  The work environment was very hostile, and Plaintiff experienced numerous adverse actions and treatment that would dissuade a reasonable person from engaging in protected activities.

23.     Plaintiff had complained of racial discrimination in 2012 and again multiple times thereafter including preceding much of his aforesaid negative treatment in 2014 and 2015. Defendants' retaliatory and discriminatory actions towards Plaintiff caused him substantial emotional distress and economic harm.

### Count I
### Violations of 42 U.S.C. § 1981
### (Race Discrimination & Retaliation & Hostile Work Environment)

24.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25.     Plaintiff suffered the foregoing conduct because of his race, because he complained of discrimination on many occasions, and all such conduct constitutes violations of 42 U.S.C. § 1981.

### Count II
### Violations the New Jersey Law Against Discrimination ("NJ LAD")
### (Race Discrimination & Retaliation & Hostile Work Environment)

26.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27.     Plaintiff suffered the foregoing conduct because of his race, because he complained of discrimination on many occasions, and all such conduct constitutes violations of the NJ LAD.

**Count III**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Race Discrimination & Retaliation & Hostile Work Environment)**

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29.     Plaintiff suffered the foregoing conduct because of his race, because he complained of discrimination on many occasions, and all such conduct constitutes violations of Title VII.  And Plaintiff properly exhausted his administrative remedies to proceed upon this claim before the Equal Employment Opportunity Commission ("EEOC") by timely filing a Charge and initiating the instant case within 90 days of receiving a notice of case closure and/or right-to-sue letter.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority.

B.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering); and

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 4, 2017

8